IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01064-MSK-KLM

TIMOTHY MEEKS,

    Plaintiff,

v.

MR. CREWS, Deputy, in his official and individual capacities,
TINA, Nurse, in her official and individual capacities,
RENEE, Nurse, in her official and individual capacities,
DENVER HEALTH DOCTOR, Jane Doe, in her official and individual capacities, and
JAIL OFFICIALS, John Does, in their official and individual capacities,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion and Affidavit for Request for Production of Documents** [#51] (the "Motion") and on Plaintiff's **Response** [#56] to the Court's Order to Show Cause [#42]. Defendants did not respond to the Motion. Plaintiff proceeds in this litigation as an incarcerated pro se litigant.

Due to Plaintiff's difficulty in identifying the parties to this action, service has been disjointed. Plaintiff filed this civil action on April 22, 2013 [#1]. The Amended Complaint was filed on May 23, 2013 [#6]. The United States Marshal was thereafter directed to serve a copy of the Summons and Amended Complaint on all Defendants [#9, #39]. Based on the insufficient nature of the information provided by Plaintiff, the United States Marshal was unable to serve all Defendants except for Defendant Crews. Defendant Crews was

served on June 19, 2013. [#14]. He thereafter timely filed a Motion to Dismiss [#27], on which there is presently pending a Recommendation of United States Magistrate Judge. [#54].

On October 25, 2013, an Order to Show Cause [#42] was issued as to why Defendants Nurse Tina, Nurse Renee, Denver Health Doctor, and Jail Officials should not be dismissed from this lawsuit for failure to serve. Plaintiff was warned that failure to serve these Defendants, respond and show good cause for Plaintiff's failure to properly serve these Defendants, or provide current addresses and full names to allow the United States Marshal to effect service, would result in this Court issuing a recommendation to dismiss Plaintiff's action as to them. Plaintiff requested an extension of time through January 24, 2014, to find names and addresses at which those Defendants could be served, and the Court granted this extension. [#45, #47]. Plaintiff timely filed a Response [#56] to the Order to Show Cause, in which he provided full names and addresses for Defendants Nurse Tina, Nurse Renee, and Denver Health Doctor. He has been unable to identify by name or address any of the John Doe Jail Official Defendants and requests a further extension of time in which to do so.

Prior to filing the Response to the Order to Show Cause, Plaintiff filed the present Motion, which seeks the following discovery from Defendants: (1) the first name of Defendant Crews; (2) the last names of Defendants Nurse Tina and Nurse Renee; (3) the full name of Defendant Denver Health Doctor Jane Doe; (4) the full names of several Defendants Jail Official John Does "who responded and can be identified in the video footage incident on June 5, 2012;" (5) the complete video footage of the incident on June 5, 2012; (6) all written statements, originals or copies, identifiable as reports about the

incident on June 5, 2012, made by Denver Sheriff Department and civilian employees, and also by the Denver Downtown Detention Center prisoner witnesses; (7) any and all rules, regulations and policies of the Denver Downtown Detention Center administrative regulations as stated in the 2011 Inmate Handbook; and (8) a copy of Plaintiff's signature for the 2011 Inmate Handbook for the Denver Downtown Detention Center. *Motion* [#51].

A Scheduling Conference has not yet been held in this matter and the majority of Defendants have not yet been served, and thus what Plaintiff actually seeks here is expedited discovery, in part for the purpose of obtaining information to effect service and in part to obtain information to support his claims. *See Kabyesiza v. Rodriguez*, No. 10-cv-00216-MSK-KLM, 2010 WL 3923093, at *3 (D. Colo. Oct. 1, 2010). Pursuant to Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by" Fed. R. Civ. P 26(f). However, Rule 26(d) also states that discovery may be conducted prior to conferral "when authorized by . . . a court order." *Arista Records LLC v. John Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008). A party may be granted early discovery upon a showing of good cause. *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-01131-LTB-MJW, 2007 WL 1655365, at *1 (D. Colo. June 5, 2007); *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The courts have found good cause for expedited discovery when physical evidence may be destroyed with the passage of time, in cases involving claims of infringement and unfair competition, and where the party requesting discovery seeks a preliminary injunction. *Id.*; *see also Pod–Ners v. N. Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokahama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)).

Plaintiff has not demonstrated good cause for allowing expedited or early discovery. First, the majority of his requests (Nos. 5-8) are for production of documents and video footage. *Motion* [#51] at 2-3. These types of requests are more appropriately made during regular discovery after Defendants have been served and entered appearances in the matter. Second, his requests (Nos. 1-3) regarding the identities of all Defendants other than the Jail Officials now appear to be moot based on Plaintiff's own research and Response [#56] to the Order to Show Cause [#42].

Regarding the final request (No. 4) regarding the identities of the John Doe Jail Officials, the Court acknowledges that Plaintiff appears to have been diligently working to obtain their identifies on his own, as is proper. *See Response* [#56]; *cf. Kabyesiza*, 2010 WL 3923093, at *4 (denying a pro se litigant early discovery because he "failed to demonstrate appropriate diligence in his efforts to prosecute his case" such as making "any reasonable efforts to identify the alleged wrongdoers or to serve them with process"). However, "pursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. April 27, 2011) ("*Culp I*"), *aff'd*, 456 F. App'x 718 (10th Cir. 2012) ("*Culp II*"). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit [and therefore] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp I*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)); *see also* 2 James Wm. Moore *et al.*, Moore's Federal Practice § 10.02[2][d] at 10-16 (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If

reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed.").

The Court recognizes that Plaintiff has not had the benefit of discovery in this case "which could disclose the exact identity of the [individuals] whom [P]laintiff" has identified as John Doe Defendants. *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (denying motion to dismiss the John Doe defendants for failure to identify the individuals prior to discovery but dismissing the plaintiff's Bivens claims because they were precluded by federal statute), *aff'd in part and rev'd in part on other grounds*, 333 F.3d 273 (D.C. Cir. 2003). The Court should only allow claims against parties whose names are unknown to proceed "if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013).

The allegations against the Jail Officials are sketchy at best. The Court summarized the allegations made in this case in its pending Recommendation [#54] as follows:

> Plaintiff is presently an inmate at Denver County Jail. *Am. Compl.* [#6] at 2. On June 5, 2012, Plaintiff had a physical altercation with a fellow inmate. *Id.* at 4. Defendant Crews, an on-duty deputy officer, restrained Plaintiff by grabbing his arms from behind, which caused a tear in Plaintiff's left biceps. *Id.* No other deputies were in the immediate area, and because there was no one to restrain the other inmate right away, the inmate took the opportunity to punch Plaintiff multiple times while Defendant Crews held Plaintiff. *Id.* Eventually a third inmate, Isaac Padilla, intervened to stop the attack by the other unnamed inmate. *Id.*
>
> Plaintiff, who was in extreme pain, was then taken to the medical unit and seen by Nurse Tina, another Defendant in this matter. *Id.* Three days later, on June 8, 2012, Plaintiff was seen by Nurse Renee, another Defendant in this matter. *Id.* Plaintiff "begged her for a medical emergency in the deputy's office, where she laughed like I was joking." *Id.* Plaintiff was still in pain and states that there was obvious bruising on his left arm from his biceps down to his forearm. *Id.*

> In mid-July, a female doctor, who is named in this case as Defendant Jane Doe, denied Plaintiff surgery after he showed her his deformed biceps. *Id.* She told him that the injury was cosmetic and that only elite professional athletes got the surgery he was requesting. *Id.* Instead of surgery, she put him on a weekly physical therapy regimen, which Plaintiff was normally forced to do by himself in his cell because he was only permitted to go to physical therapy sessions twice in two months. *Id.* at 5.

*Recommendation* [#54] at 2-3. Regarding the Jail Officials, Plaintiff merely asserts that they refused and delayed medical care between June 5 and September of 2012, which meant that Plaintiff had to treat his torn biceps on his own. *Am. Compl.* [#6] at 5. He also asserts that they only took him to physical therapy treatment twice in two months as opposed to every week. *Id.* Plaintiff states he personally "informed and showed [Plaintiff's] serious medical issue of a torn biceps" to the Jail Officials, but they "did nothing by not responding reasonably when they knew [Plaintiff] was in extreme pain," thereby "acting [with] deliberate indifference by ignoring [Plaintiff's] pleas for help and by intentionally denying or delaying [his] access to treatment." *Id.* at 8.

The Court finds that Plaintiff has failed to include any detail regarding the John Doe Jail Official Defendants which would help identify the underlying individuals. Instead, he merely makes general allegations that these individuals failed to provide him with adequate medical care after he was injured. The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should it "supply additional factual allegations to round out his complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Further, Plaintiff has

provided so little information regarding the John Doe Jail Officials that, not only can they not be identified, but it is clear that the allegations against them are insufficient to state an Eighth Amendment claim. *See Recommendation* [#54] at 3-4 (discussing dismissal standard under Rule 12(b)(6)), 7-10 (generally discussing requirements of stating an Eighth Amendment claim); *see also* 28 U.S.C. § 1915(e)(2)(B) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). As a result, Plaintiff's claims against the John Doe Jail Official Defendants cannot survive at this point even if he is eventually able to name the appropriate individuals. *See Crosby v. Nelson*, No. 12-cv-01995-PAB-KLM, 2013 WL 4757258, at *6 (D. Colo. May 9, 2013).

Accordingly, based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#42] is **DISCHARGED in part** and **MADE ABSOLUTE in part**. The Order to Show Cause is **discharged** to the extent that Plaintiff provided service information for Defendants Nurse Tina, Nurse Renee, and Denver Health Doctor Jane Doe. The Order to Show Cause is **made absolute** to the extent that Plaintiff failed to provide service information for the John Doe Jail Official Defendants.

IT IS FURTHER **ORDERED** that the Clerk of Court shall update the electronic docket as follows:

(1) "Nurse Tina, in her official capacity" shall be replaced with "Tina Samper, Nurse, in her official capacity";

(2) "Tina (I), Nurse, in her individual capacity" shall be replaced with "Tina (I)

Samper, Nurse, in her individual capacity";

(3) "Nurse Renee, in her official capacity" shall be replaced with "Renee Hammel, Nurse, in her official capacity";

(4) "Renee (I), in her individual capacity" shall be replaced with "Renee (I) Hammel, Nurse, in her individual capacity";

(5) "Denver Health Doctor, Jane Doe, individually and in official capacities" shall be replaced with "Sara Jurgens, Denver Health Doctor, in her official capacity" and with "Sara (I) Jurgens, Denver Health Doctor, in her individual capacity". *See Response* [#56] at 2.

IT IS FURTHER **ORDERED** that, if appropriate, the United States Marshal shall attempt to obtain a waiver of service pursuant to Fed. R. Civ. P. 4(d) from Defendants Tina Samper and Renee Hammel at **Denver Downtown Detention Center, 490 W. Colfax, Denver, CO 80204** and from Defendant Sara Jurgens at **Denver Health Medical Center, HIM - Department - 0296, 301 W. 6th Ave., Denver, CO 80204**. *See Response* [#56] at 2. If unable to do so, the United States Marshal shall serve a copy of the Amended Complaint [#6], summons, and this Order and Recommendation on Defendants Tina Samper, Renee Hammel, and Sara Jurgens at the above addresses. All costs of service shall be advanced by the United States.

IT IS FURTHER **ORDERED** that the Motion [#51] seeking expedited discovery is **DENIED** for failure to show good cause.

IT IS FURTHER **RECOMMENDED** that "Jail Officials, John Does, individually and in official capacities" be **dismissed without prejudice** from this action pursuant to Fed. R. Civ. P. 4(m) & 41(b) and 28 U.S.C. § 1915. *See Culp II*, 456 F. App'x at 720 (affirming

dismissal of claims against John Doe defendants).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 25, 2014

BY THE COURT:

/s/ Kristen L. Mix

Kristen L. Mix
United States Magistrate Judge