**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01064-MSK-KLM

**TIMOTHY MEEK,**

    Plaintiff,

v.

**DEPUTY MR. CREWS;
NURSE TINA;
NURSE RENEE;
DENVER HEALTH DOCTOR JANE DOE; and
JAIL OFFICIALS JOHN DOES, individually and in official capacitys [sic],**

    Defendants.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

---

    **THIS MATTER** comes before the Court pursuant to the December 9, 2013 Recommendation **(#54)** of the Magistrate Judge that Defendant Crews' Motion to Dismiss **(#27)** be granted. The Plaintiff, Timothy Meek, filed timely Objections **(#55)** to the Recommendation.

**I. ISSUES PRESENTED**

    In his Amended Complaint **(#6)**, Mr. Meek asserts claims under 42 U.S.C. § 1983 based on Mr. Crews' alleged use of excessive force in violation of Mr. Meek's Eighth Amendment rights.[1]

---

[1] Mr. Meek also asserts claims against a number of other officials. The Motion to Dismiss only relates to the claim against Mr. Crews.

## II. FACTS

Mr. Meek's *pro se* Amended Complaint alleges the following facts relevant to the claim against Mr. Crews.[2] On June 5, 2012, while detained at the Denver County Jail, Mr. Meek and another detainee began fighting. Mr. Crews, an on-duty deputy officer, "grabbed [Mr. Meek] from behind, allowing the other [detainee] to get punches on [Mr. Meek's] face." According to Mr. Meek, Mr. Crews grabbed him with enough force to "tear[] [his] left bicep, causing pain, lack of sleep, bruising, elbow tendonitis, and deformity." Mr. Meek also asserts that, because no other deputies were nearby, a third detainee intervened to stop the other detainee's punches. Mr. Meek claims that Mr. Crews violated his Eighth Amendment right against cruel and unusual punishment by grabbing Mr. Meek with excessive force and restraining Mr. Meek while another detainee punched him. Mr. Meek seeks compensatory and punitive damages.

In his Motion to Dismiss, Mr. Crews argues that: (1) Mr. Meek's suit is barred because he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); (2) Mr. Crews is entitled to qualified immunity for the claim against him in his individual capacity; and (3) Mr. Meek failed to state a claim against Mr. Crew in his official capacity. The matter was referred to the Magistrate Judge.

The Magistrate Judge's Recommendation found that: (1) Mr. Meek sufficiently alleged that he exhausted his administrative remedies; (2) Mr. Crews is entitled to qualified immunity

---

[2] The Court is mindful of Mr. Meek's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt,* 472 F.3d 1242, 1243 (10th Cir. 2007). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton,* 587 F.3d 1063, 1067 (10th Cir. 2009).

because Mr. Meek failed to allege a constitutional violation; and (3) Mr. Meek failed to state an official capacity claim.

Mr. Meek filed timely Objections **(#55)** to the Recommendation.

### III.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made.  *See U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 1949-50.  The Court takes the remaining, well-pled factual contentions, treats them as true, and

ascertains whether those facts support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## IV. ANALYSIS

Mr. Meek's Objections raise a number of issues that do not neatly correspond to the Recommendation. In addition, the Amended Complaint alleges facts that, when construed liberally, could present more than one factual scenario. In deference to the standard applicable to pleadings made by unrepresented parties, the Court will consider the Motion to Dismiss, *de novo*. In doing so, the Court does not constrain itself (as did the Magistrate Judge) to Mr. Meek's identification of a particular legal theory and it gives all plausible interpretations to the alleged facts.

### A. Qualified Immunity and Failure to State a Claim

In the Motion to Dismiss, Mr. Crews asserts the defense of qualified immunity and challenges the adequacy of the Amended Complaint to state a cognizable claim. When a defendant raises a qualified immunity defense the burden shifts to the plaintiff to meet a two-part test. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151 (2001); *Green v. Post,* 574 F.3d 1294, 1300 (10th Cir. 2009). A plaintiff must show both that (1) he or she had a constitutional right that was infringed and (2) such right was clearly established at the time of the alleged infringement. *Pearson v. Callahan,* 555 U.S. 223, 236, 129 S.Ct. 808, 818 (2009); *Green,* 574 F.3d at 1299. A court can begin its analysis with either prong. Here, because the question of

whether a cognizable claim has been pled is central both to the first prong of the qualified immunity analysis and to Mr. Crews' argument that the Amended Complaint fails to state a claim upon which relief can be granted,[3] the Court will begins there.

Mr. Meek asserts that Mr. Crews used excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. However, in light of the Court's liberal interpretation of the Amended Complaint, Mr. Meek's reference to the Eighth Amendment is not dispositive. Eighth Amendment protections apply only to convicted prisoners. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983); *see also Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010). The due process clauses of the Fifth or Fourteenth Amendments protect individuals detained prior to conviction. *Massachusetts General Hosp.*, 463 U.S. at 244. Here, it appears that Mr. Meek was a pretrial detainee, rather than a convicted prisoner.[4] Accordingly, the question becomes whether the facts alleged in the Amended Complaint are sufficient to state a violation of Mr. Meek's Fifth Amendment rights.

There is also a question as to what the Amended Complaint alleges that Mr. Crews did. The Amended Complaint is not entirely clear in this regard; it suggests that there may have been two actions involving the use of excessive force. First, the Amended Complaint alleges that Mr. Crews used excessive force when he grabbed Mr. Meek's arms and pulled them behind his back. However, there may be an additional constitutional violation by Mr. Crews when he allegedly held Mr. Meek's arms behind his back enabling another detainee to punch Mr. Meek. When

---

[3] In the context of a motion to dismiss, the determination of whether a complaint asserts a constitutional violation is made pursuant to the Rule 12(b)(6) standard discussed above. *See Robbins v. Okla. ex rel. Dep't of Human Servs.,* 519 F.3d 1242, 1249 (10th Cir. 2008).

[4] Mr. Meek asserts that he is a pretrial detainee in his Objection rather than in the Amended Complaint. However, Mr. Crews' concedes the point in his Motion to Dismiss.

construed liberally, the second allegation asserts that Mr. Crews failed to protect Mr. Meek from harm inflicted by another detainee.

### 1. Excessive Force

To show a violation of Fifth (and Fourteenth) Amendment rights by use of excessive force, a plaintiff must establish three factors: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Porro*, 624 F.3d at 1326 (quoting *Roska v. Peterson,* 328 F.3d 1230, 1243 (10th Cir. 2003)). Force motivated "by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience may be redressed under" the due process protections of the Fourteenth Amendment. *Id.*

Mr. Meek's Amended Complaint contains sufficient factual allegations to satisfy the first two factors. Mr. Meek asserts that Mr. Crews could have waited for other deputies instead of using force or stopped the altercation by using less force. He also asserts that his bicep was torn by Mr. Crews' action and, as a result, he has experienced bruising, pain, lack of sleep, elbow tendinitis, and deformity. Construed liberally, these allegations support a plausible inference that Mr. Crews used an amount of force disproportionate to the need presented which resulted in a significant, ongoing injury to Mr. Meek.

However, the Amended Complaint contains no specific factual allegations about Mr. Crews' state of mind. Instead, it contains a conclusory statement that Mr. Crews "maliciously" held him. But the facts as alleged could reasonably be interpreted as showing only intent to break up a jailhouse fight without any intention directed to Mr. Meek. There is no allegation of prior interactions or a relationship between Mr. Crews and Mr. Meek or his assailant. There are no facts suggesting that Mr. Crews supported the fight. Without additional factual allegations,

the Amended Complaint fails to demonstrate malice. Further, a jail official grabbing a detainee's arms during a fight does not amount to an abuse of official power that shocks the conscience. Accordingly, the Court finds that the Amended Complaint fails to state a claim for relief under this theory because the factual allegations are insufficient to support a plausible inference that Mr. Crews' used excessive force in violation of Mr. Meek's Fourteenth Amendment rights.

### 2. Failure to Protect

"Prison officials have a duty to protect prisoners from harm, including harm caused by other prisoners." *Green v. Corrections Corp. of America*, 401 Fed. Appx. 371, 375 (10th Cir. 2010). To establish a cognizable claim for failure to protect, a pretrial detainee must meet two requirements. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).[5] First, the objective component requires that the detainee allege a deprivation that is sufficiently serious. *Farmer*, 511 at 825. Second, under the subjective component, the official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

The allegations in the Amended Complaint satisfy the objective component. Mr. Meek alleges that while Mr. Crews held him another detainee punched him in the face more than once. Thus, Mr. Meek suffered a sufficiently serious deprivation of his liberty interest against harm inflicted by others.

The Amended Complaint, however, does not allege sufficient facts to establish the subjective component. It contains only conclusory statements that Mr. Crews acted with "deliberate indifference." Deliberate indifference requires that "the official must both be aware

---

[5] The analysis used for a failure to protect claim brought by a pretrial detainee under the Fourteenth Amendment is identical to that applied in Eighth Amendment cases. *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir.1999).

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*  Although Mr. Meek feels "[t]his intentional hold . . . was done to allow the assault on [him] and cause [him] harm," he alleges no facts to support this conclusion.

The Amended Complaint contains no allegations to support an inference that Mr. Crews disregarded a known risk to Mr. Meek. Mr. Meek alleges that Mr. Crews could have gone between the two detainees or waited for other deputies.  However, he does not offer facts to support a conclusion that that it would have been obvious to Mr. Crews that grabbing Mr. Meek the way he did would have increased the risk to Mr. Meek or allowed the fight to continue. Further, the Amended Complaint contains no allegations that would support an inference that Mr. Crews grabbed Mr. Meek specifically to allow the other detainee to cause him harm.[6]  Thus, the facts as alleged also fail to support an inference that Mr. Crews was deliberately indifferent to Mr. Meek's safety.

Because Mr. Meek has failed to state a claim that his constitutional rights were infringed, It is not necessary to address whether the alleged violation was clearly established.  Thus, Mr. Crews is entitled to qualified immunity.

**B. Official Capacity Claim**

Mr. Meek also asserts a claim against Mr. Crews in his official capacity.  An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). A plaintiff seeking to impose liability on a municipality under section 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs of Bryan*

---

[6] For example, Mr. Meek does not allege that Mr. Crews said anything during the incident, had a history with either detainee, or in any way indicated that he was intentionally disregarding the risk of harm to Mr. Meek or choosing sides in the fight.

*Cnty. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997).  The Amended Complaint contains no allegations that Mr. Crews' conduct was related to any policy or custom of the City and County of Denver.  Thus, Mr. Meek has failed to state a claim against Mr. Crews in his official capacity, and this claim also is dismissed without prejudice.

### C. Exhaustion of Administrative Remedies

Mr. Crews also argues that the Court should dismiss the Amended Complaint because Mr. Meek failed to exhaust the administrative remedies available to him, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382–83 (2006).  To properly exhaust administrative remedies, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'" which are defined by the prison's own grievance process.  *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007) (quoting *Woodford*, 548 U.S. at 88) (citations omitted).  Failure to exhaust is an affirmative defense under the PLRA.  *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007).

Although the Amended Complaint asserts that Mr. Meek exhausted available administrative remedies and includes copies of several grievances forms and letters, Mr. Crews asserts that the grievances do not satisfy the requirements of the PLRA.  Regardless, "[i]n the event that a claim . . . fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  42 U.S.C. § 1997e(c)(2); *see also Woodford*, 548 U.S. at 101 ("[A] district [may] dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust administrative remedies.").  Thus, because Mr. Meek's

claims against Mr. Crews are dismissed for failure to state a claim, the Court need not consider Mr. Crews' PLRA defense.

## V.  CONCLUSION

For the forgoing reasons, Mr. Meek's Objections **(#55)** to the Recommendation are overruled.  The Court therefore **GRANTS** Mr. Crews' Motion to Dismiss (**#27**).  All claims against Mr. Crews are dismissed.

Dated this 19th day of March, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge