IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01064-MSK-KLM

TIMOTHY MEEKS,

     Plaintiff,

v.

TINA SAMPER, Nurse, in her official and individual capacities,
RENEE HAMMEL, Nurse, in her official and individual capacities,
SARA JURGENS, Denver Health Doctor, in her official and individual capacities, and
JAIL OFFICIALS, John Does, in their official and individual capacities,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion to Appoint Counsel** [#62], on Plaintiff's **Motion for Extension of Time—90 Days** [#70], and on Plaintiff's **Motion to Order Service of Process** [#71].

     Regarding the Motion to Appoint Counsel [#62], the Court has already once denied Plaintiff's request for the appointment of counsel [#24]; thus the Court construes the present request as a motion to reconsider.  A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012

-1-

(10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).   Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*  Plaintiff does not argue that there has been an intervening change in the controlling law or that the Court should consider new, previously-unavailable evidence. Rather, he appears to argue that there is a need to correct clear error and prevent manifest injustice.  However, Plaintiff provides no valid reason as to why the Court should reconsider its prior Order denying appointment of counsel.  Although he describes in more detail the mental illnesses to which he previously alluded [#18], Plaintiff has already demonstrated his ability to litigate this case [#24].  Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.  *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not.  Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means, lack of legal training, and incarcerated status.  To the extent that Plaintiff feels that he cannot bear the responsibility of pursuing his case at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court.  *See Green v.*

*Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Accordingly, based on the foregoing and the entire record in this case, Plaintiff's Motion to Appoint Counsel [#62] is **denied**.

Regarding the Motion for Extension of Time—90 Days [#70], Plaintiff seeks a 90-day extension of time in which to respond to Defendant Sara Jurgens' Motion to Dismiss [#69].  Plaintiff has since filed a Response [#77] to the Motion to Dismiss [#69], which was timely filed within the period allowed by D.C.COLO.LCivR 7.1(d).  Accordingly, the Motion for Extension of Time—90 Days [#70] is **denied as moot**.

Regarding the Motion to Order Service of Process [#71], Plaintiff asks the Court to serve Defendants Tina Samper and Renee Hammel at the Van Cise-Simonet Detention Center, 490 W. Colfax, Denver, CO 80204.  However, the United States Marshal has recently attempted to serve them both at this address, as previously requested by Plaintiff [#56], and on March 12, 2014, the Marshal was informed that the "[s]ubject[s] [are] no longer employed at this location.  Current whereabouts are unknown." [#64, #65].  Although Plaintiff asserts that he has seen these Defendants "performing their job duties" and that he believes they "are avoiding court procedures," these statements are insufficient bases on which the Court can order the United States Marshal to attempt to serve the same Defendants at the same location at which service was attempted within the last three months.  Accordingly, the Motion to Order Service of Process [#71] is **denied**.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion to Appoint Counsel [#62] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Extension of Time—90 Days [#70] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Order Service of Process [#71] is

**DENIED**.


Dated:  May 29, 2014                            BY THE COURT:

                                                Kristen L.  Mix
                                                United States Magistrate Judge