IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01064-MSK-KLM

TIMOTHY MEEKS,

    Plaintiff,

v.

TINA SAMPER, Nurse, in her official and individual capacities,
RENEE HAMMEL, Nurse, in her official and individual capacities,
SARA JURGENS, Denver Health Doctor, in her official and individual capacities, and
JAIL OFFICIALS, John Does, in their official and individual capacities,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Sara Jurgens' ("Jurgens") **Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)** [#69][1] (the "Motion"). Plaintiff, who is proceeding pro se,[2] filed a Response [#77] in opposition to the Motion, and Defendant filed a Reply [#80]. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion is referred to this Court for recommendation [#72].

---

[1] "[#69]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#69] be **GRANTED**.

## I. Summary of the Case

The following allegations of the Amended Complaint are accepted as true for the purpose of determining the Motion. Plaintiff is presently an inmate at Limon Correctional Facility. On June 5, 2012, while Plaintiff was a pretrial detainee, he had a physical altercation with a fellow inmate. *Am. Compl.* [#6] at 4. Defendant Crews,[3] an on-duty deputy officer, restrained Plaintiff by grabbing his arms from behind, which caused a tear in Plaintiff's left biceps. *Id.* Plaintiff, who was in extreme pain, was taken to the medical unit and seen by Nurse Tina Samper ("Samper"), another Defendant in this matter. *Id.* Three days later, on June 8, 2012, Plaintiff was seen by Nurse Renee Hammel ("Hammel"), another Defendant in this matter. *Id.* Plaintiff "begged her for a medical emergency in the deputy's office, where she laughed like I was joking." *Id.* Plaintiff was still in pain and states that there was obvious bruising on his left arm from his biceps down to his forearm. *Id.*

In mid-July, Defendant Jurgens, a doctor with Denver Health Medical Center, denied Plaintiff surgery after he showed her his deformed biceps. *Id.* She told him that the injury was cosmetic and that only elite professional athletes got the surgery he was requesting. *Id.* Instead of surgery, she put him on a weekly physical therapy regimen, which Plaintiff was normally forced to do by himself in his cell because he was only permitted to go to physical therapy sessions twice in two months. *Id.* at 5.

---

[3] All claims against Defendant Crews were dismissed from this matter on March 19, 2014. *See Order* [#68].

Plaintiff brings three constitutional claims against Defendants in this matter, but the second claim is the only one brought against Defendant Jurgens. *Id.* at 6. Plaintiff claims that Defendant Jurgens deprived him of medical care for his torn biceps by "not wanting to do surgery because she said only elite athletes would get surgery, and my injury was cosmetic and that [Plaintiff] was not covered by the Sheriff's Department insurance." *Compl.* [#6] at 7. Although unclear, Plaintiff is also asserting deprivation of medical care by Defendant Jurgens because, although she prescribed physical therapy once a week, he only received it twice in two months. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 11.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide

'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.  Analysis

#### A.  Qualified Immunity

Defendant Jurgens argues that, to the extent Plaintiff seeks to hold her individually liable, she is entitled to qualified immunity. *Motion* [#69] at 10-11. "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When the

defense of qualified immunity is raised, the Court must consider whether Plaintiff's factual allegations demonstrate that Defendant Jurgens violated a constitutional right and, secondly, whether that constitutional right was clearly established at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Id.*  However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."  *Id.*  In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors to review first in light of the circumstances of the case.  *Id.* at 236.  Because the Court finds that Plaintiff's factual allegations fail to demonstrate that Defendant Jurgens violated a constitutional right, the Court does not address whether that constitutional right was clearly established at the time of the alleged violation.

Plaintiff contends that Defendant Jurgens deprived him of medical care in violation of his Eighth Amendment rights.  The Court reinterprets this as a claim for a violation of Plaintiff's Fourteenth Amendment rights, as Plaintiff at the time of the underlying events was a pretrial detainee.  *See Order* [#68] at 5; *see also Dicino v. Garcia*, No. 12-cv-01274-WYD-KLM, 2014 WL 3746961, at *4 (D. Colo. July 30, 2014).  The United States Supreme Court has stated that the Eighth Amendment has no application when there has been no formal adjudication of guilt against a person at the time he required medical care.  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).  The due process clause of the Fourteenth Amendment "does require the responsible government or governmental agency to provide medical care to persons," and "the due process rights of [such] a person . . . are

at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.*

Thus, Plaintiff is correct that he is entitled to medical care while incarcerated as a pretrial detainee. However, it is well-established that "[t]he prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (quoting *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968). Plaintiff does not allege that Defendant Jurgens deprived him of medical care generally; instead, he readily concedes that she provided him with a diagnosis and a general care plan, and that he received some physical therapy from medical staff and otherwise continued to do physical therapy on his own in his cell. Accordingly, to the extent that Plaintiff alleges only that he was not provided with "the type or scope of medical care which he personally desires," *Henderson*, 518 F.2d at 695, Plaintiff does not demonstrate that his Fourteenth Amendment rights were violated.[4]

Accordingly, the Court finds that Plaintiff has failed to allege a Fourteenth Amendment violation against Defendant Jurgens. Defendant Jurgens is therefore entitled to qualified immunity, and the Court need not address the second element of the qualified immunity analysis. The Court thus **recommends** that Plaintiff's second claim for violation of the Fourteenth Amendment against Defendant Jurgens in her individual capacity be

---

[4] Plaintiff has provided additional allegations in his Response [#77]. The Court has examined these allegations and finds that further amendment of Plaintiff's Amended Complaint to include these allegations would not alter the outcome of its analysis here. The Court does note, however, that Plaintiff appears to attempt to raise for the first time an equal protection claim in his Response [#77]. The Court will not address a claim that is not part of Plaintiff's Amended Complaint, particularly where it is raised for the first time in a Response and where Defendant Jurgens had no prior notice of the claim.

**dismissed without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).

### B. Official Capacity Claim

The Court next addresses Plaintiff's claim against Defendant Jurgens in her official capacity. Claims against public officials in their official capacities are essentially claims against the governmental entity itself. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 & n.55 (1978); *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). The Court assumes, without deciding, that the governmental entity involved in Plaintiff's official capacity claim against Defendant Jurgens is the City and County of Denver. Plaintiff, who therefore seeks to impose liability on a municipality under section 1983, must allege a municipal policy or custom that caused his injury. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). However, there are no allegations in the Amended Complaint that Defendant Jurgens' conduct was related to any policy or custom of the City and County of Denver. Further, because the Court has found that Plaintiff failed to state a Fourteenth Amendment claim against Defendant Jurgens, and thus that this claim should be dismissed against her in her individual capacity, the Court must necessarily recommend that any claim asserted against her in her official capacity should be dismissed as well. *See Walker v. Meyer*, No. 08-cv-01911-REB-KLM, 2009 WL 961490, at *5 n.5 (D. Colo. Apr. 7, 2009). Accordingly, the Court **recommends** that Plaintiff's second claim for violation of the Fourteenth Amendment against Defendant Jurgens in her official capacity be **dismissed without prejudice**. *See Reynoldson*, 907 F.2d at 127.

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#69] be **GRANTED**, that Plaintiff's Claim Two against Defendant Jurgens be **DISMISSED without prejudice**, and that Defendant Jurgens be **DISMISSED** from this lawsuit. *See Am. Compl.* [#6] at 7.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 25, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge