IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01064-MSK-KLM

TIMOTHY MEEKS,

     Plaintiff,

v.

TINA SAMPER, Nurse, in her official and individual capacities,
RENEE HAMMEL, Nurse, in her official and individual capacities, and
SARA JURGENS, Denver Health Doctor, in her official and individual capacities,

     Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court sua sponte.  It has come to the Court's attention that

Defendants Tina Samper ("Samper") and Renee Hammel ("Hammel") have yet to be

served in this matter and are therefore not currently proper defendants.  Plaintiff proceeds

in this litigation as an incarcerated pro se litigant.  Although Plaintiff is proceeding in this

lawsuit without an attorney, he bears the responsibility of prosecuting his case with due

diligence.  The Court must liberally construe pro se filings; however, pro se status does not

excuse the obligation of any litigant to comply with the same rules of procedure that govern

other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen*

*v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

     Due to Plaintiff's difficulty in identifying the parties to this action, service has been

disjointed.  Plaintiff filed this civil action on April 22, 2013 [#1].  The Amended Complaint

was filed on May 23, 2013 [#6].  The United States Marshal was thereafter directed to

-1-

serve a copy of the Summons and Amended Complaint on all Defendants [#9, #39].  Based on the insufficient nature of the information provided by Plaintiff, the United States Marshal was unable to serve all Defendants except for Defendant Crews.  Defendant Crews was served on June 19, 2013. [#14].  He thereafter timely filed a Motion to Dismiss [#27], which was granted by the Chief Judge on March 19, 2014.  *Opinion and Order* [#68].

On October 25, 2013, an Order to Show Cause [#42] was issued as to why Defendants Nurse Tina, Nurse Renee, Denver Health Doctor, and Jail Officials should not be dismissed from this lawsuit for failure to serve.  Plaintiff was warned that failure to serve these Defendants, respond and show good cause for Plaintiff's failure to properly serve these Defendants, or provide current addresses and full names to allow the United States Marshal to effect service, would result in this Court issuing a recommendation to dismiss Plaintiff's action as to them.  Plaintiff requested an extension of time through January 24, 2014, to find names and addresses at which those Defendants could be served, and the Court granted this extension. [#45, #47].  Plaintiff timely filed a Response [#56] to the Order to Show Cause, in which he provided full names and addresses for Defendants Nurse Tina, Nurse Renee, and Denver Health Doctor.  The John Doe Jail Official Defendants were dismissed by the Chief Judge on October 8, 2014.  *Order* [#93].

On February 25, 2014, the Court ordered the United States Marshal to again attempt to serve Defendants Tina Samper and Renee Hammel.  *Order* [#57] at 8.  On March 12, 2014, the United States Marshal informed the Court that these Defendants could not be found at the address provided by Plaintiff because they were no longer employed at that location and their current whereabouts were unknown.  *Summons Returned Unexecuted* [#64, #65].  Plaintiff thereafter asked the Court to order the Marshal to serve these two

Defendants at the same address. *Motion to Order Service of Process* [#71]. On May 28, 2014, the Court denied this motion, stating:

> Plaintiff asks the Court to serve Defendants Tina Samper and Renee Hammel at the Van Cise-Simonet Detention Center, 490 W. Colfax, Denver, CO 80204. However, the United States Marshal has recently attempted to serve them both at this address, as previously requested by Plaintiff [#56], and on March 12, 2014, the Marshal was informed that the "[s]ubject[s] [are] no longer employed at this location. Current whereabouts are unknown." [#64, #65]. Although Plaintiff asserts that he has seen these Defendants "performing their job duties" and that he believes they "are avoiding court procedures," these statements are insufficient bases on which the Court can order the United States Marshal to attempt to serve the same Defendants at the same location at which service was attempted within the last three months. Accordingly, the Motion to Order Service of Process [#71] is **denied**.

*Order* [#81] at 3. Plaintiff has since failed to provide the Court with any address at which Defendants Samper and Hammel may be served.

As the Court explained in its previous Order [#42], while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). No address provided by Plaintiff has been sufficient to effect service on Defendants Samper and Hammel. Despite having ample time to provide additional information about their whereabouts, Plaintiff has not provided any information that the Court can use to effect service on these Defendants.

Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendants Samper and Hammel has now expired. Plaintiff has not provided sufficient information to enable the Marshal to serve Defendants Samper and Hammel, despite two unsuccessful attempts to do so. Moreover, despite the fact that Plaintiff responded to the Order to Show Cause

[#42], his response was deficient as it did not provide an address at which the Marshal could actually serve these two Defendants.  At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on them.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here.  The case against Defendants Samper and Hammel has been pending since April 2013.  Plaintiff failed to effect service of them within one-hundred-and-twenty days of their inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendants.  *Order to Show Cause* [#42] at 2; *see generally Raeth v. Bank One*, No. 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008).  Regardless of Plaintiff's desire to keep Defendants Samper and Hammel in the case and have them answer to the claims asserted against them, neither can be accomplished without service.  Accordingly,

I respectfully **RECOMMEND** that Defendants Samper and Hammel be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 9, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge